May it please the Court, Daniel Gertz, I represent Mr. Charles in this appeal. Initially I have a housekeeping matter on, in footnote 2 of my brief I indicated that there was a large exhibit, too large to include in the addendum. I said I would submit it to the clerk. Last night I realized that I had overlooked that. I spoke with the clerk's office this morning. They will accept the exhibit and make it available to any member of the panel who wishes to review it. What's the nature of that? Would you remind me the hearing. It's a series of Facebook entries that were relied on by the police officer in the application for the search warrant. I want to start with what has been received by the Court last and that's the government's response to my motion to strike, which actually touches on the merits of the underlying argument as well. In that response, the government cites this 1982 case from the 9th Circuit Townsend v. Columbia Operations in support of its argument, but that's completely inapposite. In the Townsend case, the district court actually made the documents that were at issue a part of the appellate record pursuant to Federal Rule of Appellate Procedure 10E, which permits the district court to correct or modify the record. Let me ask you, is there any dispute that the particular records that are subject to the motion to strike were submitted to the district court and considered by the district court in reaching its decision? Yes. Is there any case that's granted a motion to strike or on appeal refused to consider documents that were submitted and considered by the district court? I searched long and wide and I think the government has also. I don't know that we have been able to find such a case one way or the other. The district court here had these documents available in the government's reply memorandum at sentencing one week before the actual sentencing. In a footnote, the government indicated that it had just received documents and it was submitting them to the probation officer. If the probation officer has them, the district court certainly can get hold of them if it wants to. But in this case, both at sentencing and in the memorandum submitted by the government after sentencing, the government indicated that it was not going to rely on anything else, it was not submitting anything else in evidence, and that it was relying strictly on the evidence submitted at trial. And that's why they were not submitted and not offered. The government, both in the reply to the motion and in its main brief, says clearly that while But we know that's not true. We know that's not true because the numbers that are in the order in the amended judgment are different from what was requested in the documents that were submitted. They're not the same. I'm confused. You both have said they were not submitted and you said they were submitted. So which is it? Were these documents submitted to the district court or not? They were not submitted. I don't know whether the district court looked at them or it's clear that it didn't rely on them because the documents submitted to the government, not offered in evidence, show different numbers from what the district court actually ordered in its amended judgment. So the documents that are the subject of your motion to strike were never submitted to the district court? Correct. They were never offered in evidence. There was discussion about them. It is true at sentencing. I received them. The government received them. Did everyone have access to the same documents at the sentencing hearing? Everyone certainly had access if they wanted to. Correct. But in the context of these sentencing proceedings, I would say that normally there's not a dispute about the restitution. The documents are not submitted to the district court as evidence because the parties agree. And if there's an agreement, there's nothing for the court to take evidence on. But we have a statute here, the Mandatory Victims Restitution Act, that says if there is a dispute, the district court must decide it on the basis of a preponderance. The government has to prove it by a preponderance of the evidence. And if there is no evidence, then there can by definition cannot be a preponderance of the evidence. So we don't have that in this case. And we don't actually know from the district court how it decided what it decided. Because what we have is just an amended judgment with the amount contained therein. And the amounts in the amended judgment conform precisely to what the government asked for in its memorandum. It said you should order this much to this person, this much to this person. And we have an amount to the county of Anoka here in Minnesota of a large number, $29,000. Anoka County never submitted any request for any restitution in this case to the government or to probation or to anybody. I have a question about that. The documents seem to suggest or do indicate that the victim or the victim's mother submitted formal requests, correct? One of the two, correct. So your position is that Anoka County never submitted any request on its own behalf? True. So is the dollar amounts that the court concluded should go to Anoka County came through the dollar obtained from the documents that the victim submitted? Yes. And this is a little unclear to me even now because, of course, I was never able to question anybody about this. I never objected to them being introduced because they were not never offered. But there is some documentation that accompanies, I believe it's the mother's request. Anoka County was suing the mother for $2,000 some dollars that had something to do with the child. And the mother's request or the child's request had included the number that the county was suing them for. And it was, like I said, like $2,000 some dollars. The victim was only asking for $2,900. But we never got to litigate whether that $2,900 was appropriate, whether it was actually approximately caused by the defendant's conduct in the commission of the offense because we never got to an evidentiary hearing because the government said it didn't want an evidentiary hearing. It said it was going to rely on the evidence at trial. And that's what we're stuck with. And the evidence at trial does not prove this up. The argument about this Count 23, the conviction for committing one or more of the incident offenses while being required to register as a sex offender by the laws of the state of Minnesota. We have to start in analyzing that from the bedrock principle that criminal statutes are to be strictly construed. This court has also pointed out that it's also important that a federal statute of national application receive a uniform construction. And normally when we're talking about what a statute means and how to construe it, strictly or otherwise, it's an issue where Congress has not defined a term or a phrase. And we often turn to, well, what's the common law meaning of that? And we'll import that into Congress's intent here. Or we talk about the fraud statute that is all over the place and sometimes quite ambiguous. Here we have an actual very clear law definition that Congress passed. We know exactly what a sex offender registry is with very clear definitions. And Congress, it said first that, this is 34 U.S.C. 2912A, it says each jurisdiction shall maintain a jurisdiction-wide sex offender registry conforming to the requirements of this subchapter. And that's what a sex offender registry means. It means one that conforms to the requirements of that chapter. And then it goes on to define what a sex offender registry is. It sets up even a national sex offender registry, which is actually, it's not a separate sex offender registry, but one that is a, that collects the registrants from the other jurisdictions and keeps them in a national database, apparently. So in Minnesota, it's a predatory offender, correct? It's not even called a sex offender registry. It's called a predatory offender registry. And I think it's undisputed that it includes folks that wouldn't be, wouldn't fall under the definition of sex offender under the federal law. True. So how does that affect what the jury found here? That there was testimony in the record that, maybe it's not accurate, but the predatory offender registry is the same as a sex offender registry. I think there's no dispute that his prior conviction would be a sex offense under federal law. So where do we parse out the error there in that instruction, or how the jury had to find that? Well, the problem is that the government charged the wrong thing, I suppose. So what would they? But they didn't prove up what they charged, is the problem. Because they had to prove that this young man, Mr. Charles, was required to register as a sex offender by the laws of the state of Minnesota. And he did not have to. Now, the jury found to the contrary, in part based on incorrect testimony that the government never corrected on the record. Can I back up? You said he was never required to register. Is that simply, is your argument based on the idea that there's just no Minnesota sex offender registry? That it's called something different that's more inclusive? So that nobody from Minnesota would ever be charged under that statute? Well, yeah. Unfortunately, what we have is we have a collection of state laws that all define their, some states may have a registry, some states may not have a registry. Some states have registries that conform to the federal definition. Some don't, like Minnesota. So it is true that there is a subclass of offenders in the Minnesota, registered, required to register in Minnesota who would qualify if it were in fact a sex offender registry. But Minnesota's definition is much too broad. Therefore, proving that he had to register as a predatory offender in Minnesota does not prove what Congress meant the element of this offense to require. And so the government did not prove that. And if we accept just any definition, well, this is close enough, then we end up with the uneven application of this federal law that should be applied evenly and in the same way across the United States in completely different ways. And people in one state who may not have to register at all, because you're only required to register in your own jurisdiction where you reside, and sometimes in the jurisdiction of conviction. I don't know what North Dakota has, but Mr. Charles resided in North Dakota. Why they didn't bring a different charge in County 23, I don't know, but they were certainly well aware of the deficiencies of the Minnesota registry. I have a little bit of time left that I'd like to save. Thank you. Very well. Thank you, Mr. Gertz. May it please the court. I am Laura Provenzino, and I am the Assistant United States Attorney who tried the case below. And I want to first address the questions that came up as it relates to the record on the court below and what was before it in its determination and its order for restitution. This court is correct. I have found no case where the court has refused to consider records that were in front of the district court in all parties. Can you answer that? Were they submitted to the district court? They were submitted to the parties at the discretion of the court. Yes, they were, Your Honor. So in the government's appendix one. Submitted to the parties. My question is, were they submitted to the district court? They were already part of the court's record because the court in fact submitted them to us. Where did the district court get them? From their probation officer. So they were sent by the victim and the victim's mother to the probation officer. And provided to the parties. Yes, the probation officer sent defense counsel and me an email indicating they were being provided at the direction of the court. So all parties had those and relied on them. Including the court though. That's the one I'm- Absolutely, Your Honor. In fact, the court had them. And I would submit that the procedures were appropriately followed because they're set forth for the issuance and enforcement of an order of restitution under 18 U.S.C. 3664. And it's on subparagraph four, after reviewing the report of the probation officer, the court may require additional documentation or hear testimony. So those records were before the court, were before all of the parties. So this is unlike some of the cases cited by appellant where records were produced after an order from the court or produced solely for appeal. In fact, these records were relied upon. The court was prepared to enter an order of restitution at the time of the sentencing hearing. For the amount that was requested both on behalf of Anoka County and on behalf of victim KML. And they were subsequently briefed and relied upon by the parties in their post-sentencing restitution submissions to the court. So they were fully as part of the record. I take the point, Your Honor, sure best practices may have been to actually have those be additional exhibits. But because they were submitted to the parties from the court, there was an assumption that they were court records are part of them. The flow is victims to probation, probation, obviously part of the court, presumably shared with the district court, and then the court shared them with the parties. Correct, Your Honor. And if you look at the appendix that we have submitted on page one,  indicated in submitting them to the parties that she was doing that at the court's direction. So I don't think there's any dispute that those records are appropriately before the court. And the court did, in fact, rely on them in the determination of restitution and the amount of restitution. And you'll see in page, I think, 11 of that, the amount for Anoka County. And then there were subsequent submissions by victim KML and her mother for additional costs relating to cell phone and transportation, which are covered under the statute. Did Anoka County submit a restitution request? It was submitted through the victim and her mother who were working with an organization called Alexandra House in Anoka County. And so they were submitted on behalf of everyone. So what does that mean that Anoka County was submitting a restitution request through the Anoka County if they have a claim for the cost of the treatment, for example, that they would submit their own independent dollar amount that they were owed? They very well could have. I independently have an obligation to do that, to seek restitution. And in my reply sentencing brief filed before sentencing, I indicated that there would be There was never any objection to that, nor was there ever a request for a restitution hearing by the defendant. It just seems sort of unusual. I mean, there is a dollar amount in the, I guess, complaint or claim against the victim's mother. But it's unclear to me whether Anoka County is on the hook for that entire amount or whether they're getting reimbursed from any kind of other agency, whether it be federal or state. Just seems a little dicey to know whether Anoka actually is out that full amount or whether they're going to get other reimbursements. That's what seems to me is a factual matter, a concern as to whether that's an accurate amount for someone who didn't submit their own documentation. Correct. This case was presented by and the case agent was from Anoka County and did work with Anoka County. There's no evidence that Anoka County can seek recovery from any other source. So did Anoka County come and testify that this was then or some representative from that this was the amount that we were out because of this? There was no hearing on restitution. That didn't come in the trial either. In other words, any of the testimony? Not from Anoka County. There was certainly testimony from the case agent from Anoka County. The testimony that the government relied on for restitution really relates to testimony from victim KML, from her mother, from another victim EMC, and from a forensic pediatrician who was an Facebook communication. So there was sufficient evidence over a six-day trial. And then in addition, submissions from the victim and her mother for restitution subject to penalty of perjury. All of that was before the government, before the court at sentencing and at post-sentencing. So the government believes it more than met its burden by preponderance of evidence. I really had no interest in bringing a victim back to testify yet a third time, nor was there ever any request from defendant to have such a hearing or from the court, which it could have certainly done. So based on all of those submissions, and I think telling me the court's own statement at sentencing that this particular victim wasn't capable of withstanding the assault to her self-esteem and the assault to her sense of self that would naturally flow from the crime committed by the defendant. He was convicted of sex trafficking by force, fraud, and coercion, and sex trafficking of a minor against that particular victim. So there I would submit there was more than sufficient probable cause. And Judge Erickson's finding of that is clearly subject to an abuse of discretion, and there is none. So if there are any other questions on restitution, I would be happy to cover those. Otherwise, I will turn to the second count, which relates to the sex offender registration issue. Notably, for this court, this is the first time this has ever been raised. This is the first time we're dealing with this on appeal. The defendant raised it in the first brief as a sufficiency of the evidence argument. And I would submit if that's what this court's looking at, there was more than sufficient evidence. The court heard testimony, and the jury did, from an Apple Valley police detective of the underlying crime that subjected the defendant to registration requirements in Minnesota. That was solicitation of a child to engage in sexual conduct. The jury heard from a BCA special agent that that required registration in Minnesota. In addition, his whole offender file, Exhibit 310, was submitted. That clearly links up that statute to Minnesota's registration requirements, and had indications in there that he had to attend sex offender registration treatment. And they also heard tellingly from the defendant's own probation officer, who said that they're identical. The sex offender registration and the predatory offender registration are identical. But they're not, are they? As I understood it, and correct me if I'm wrong, but that the Minnesota predatory offender registry includes folks that would not be included on what the federal definition of sex offender is. Yes, the Minnesota predatory offender registration is broader. So that really isn't right, is it? As to the crime that the defendant was charged with, it was absolutely right. Is that how the testimony came in? I would have to go back and look at that specific question, but the defendant asked his probation officer about that difference. And he was talking about what his probation requirements were at the time, including sex offender treatment. And he said there was no difference. So, but more tellingly, on the sufficiency of the evidence, the jury so found that he was guilty of that beyond a reasonable doubt. But if you look to, I think what the argument is, and more clearly came out in the reply brief, is the defendant trying to bootstrap a legal argument. Yeah, that being applying the categorical approach to this, right? Applying a categorical approach or applying some type of due process, constitutional. That was never raised before the district court, was it? Absolutely not, Your Honor. And by trying to bootstrap that, I would say it's not correctly preserved or at issue before this court. And that's because there was an opportunity, there never was any opportunity for Judge Erickson nor for the government to address it because it wasn't raised. Yes, there was a motion for acquittal, but it was a generic one. And I know the defendant has responded that the government didn't address its authority for that. But I would submit just a generic motion like that does not preserve a legal constitutional claim. And I would refer this court to its decision in United States v. Mooney, which was an en banc decision in 2005, where he was claiming a Sixth Amendment violation and suggesting that the jury should have made a determination on gain. This court held plain error was appropriate. There's also a recent Fourth Circuit case called Fuentes that similarly found just a generic motion for acquittal doesn't preserve a legal argument. And so based on that, there never was an opportunity for this to be addressed had there been. I think there would have been easy ways to make clear that the Minnesota conviction of the defendant both fit under the Minnesota offender requirement and under the federal one. And all the statute requires, which was consistent with the jury instruction, and I would submit on the jury instruction, that was waived. The parties were all in agreement on jury instructions. There was never an opportunity to address or correct any error there. And there's none. But the statute just suggests that you're required by federal or other law to register as a sex offender. There's no case law finding that the Minnesota predatory offender registration cannot be charged under 2268. So there's no basis to suggest that Judge Erickson that sending this to the jury as it did would be any error. This just isn't the right case for this court to hold that, in part because the claims weren't preserved below. So unless there are any other questions on that claim, otherwise I would submit on the briefs and ask that this court respectfully affirm the judgment below. Very well. Thank you, Ms. Provenzino. Thank you. Mr. Girtz, I think you have about a minute and a half here. Let me ask you a quick question. If we were to deny your motion to strike, is the record evidence sufficient to support the restitution order? No. No. And I was going to point out there are two arguments. One is these aren't even part of the record. They can't be considered. But two, if they were, it does not come close. Counsel says that, well, the defense didn't ask for a restitution hearing. It's not the defense burden to prove restitution. It's the government's burden. The district court gave it all, everything it wanted. It said, whatever you want to submit is fine. What it submitted was, we'll rely on the trial court record. There was the testimony regarding sex offender registry versus predatory offender registry. I was standby counsel when Mr. Charles was trying his case. And this is one of those times when you cringe, when he asks the question, he doesn't know what the answer is going to be. The answer clearly was wrong. And it was framed exactly as you understood it, Judge Kelly. The government should have corrected that. There was another witness who testified about the registry and clarified that it was not really the same thing as a sex registry. So the record below is a little ambiguous about what the witnesses thought about it. But as a matter of law, it's not the same thing. And this is a sufficiency of the evidence claim. It's not a constitutional claim. It doesn't run into constitutional problems unless we fail to construe it strictly and it runs into due process issues. Thank you very much. Counsel, the court appreciates your arguments today and the briefing. The case is submitted and will be decided in due course.